ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 2 4 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAULA GARST, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-198-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Paula Garst, Reg. No. 36556-177, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. Procedural History

Garst is serving a 37-month term of imprisonment for her conviction in the Northern District of Texas, Amarillo Division, for health care fraud and aiding and abetting. *United States v. Garst*, Criminal Docket No. 2:07-CR-129-J. (Resp't App., Ex. A) Garst seeks placement in a residential re-entry center (RRC), also referred to as a community corrections center (CCC) or a halfway house, under 18 U.S.C. § 3624(c). At the time Garst was initially reviewed for placement in a RRC, she was participating in a Residential Drug Abuse Program (RDAP), and given a presumptive release date of June 6, 2010. (Resp't App., Ex. B) On August 4, 2009, Garst was dropped from the program. (*Id.*) Consequently, her release date was changed to February 24, 2011, with good conduct time. On December 24, 2009, her caseworker reevaluated Garst for RRC placement and recommended that she receive from 150 to 180 days of RRC placement. The RRC provided November 1, 2010, as the date they would accept Garst. This federal habeas corpus petition was filed on March 24, 2010.

## D. Exhaustion

Keffer has filed a motion for summary judgment on exhaustion grounds and a response. Garst sought administrative relief, in part, to no avail. To require her to further exhaust administrative remedies would more than likely be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

## E. Discussion

Under former § 3624(c) and BOP policy and regulations, the BOP could exercise its discretion categorically to designate an inmate to community confinement limited to the last ten percent of the sentence being served, not to exceed six months. Under the Second Chance Act,

Congress amended § 3624(c) to increase placement in a RRC up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission. The Act further required the BOP to enact new regulations and policies consistent with the amended statute. Toward that end, the BOP rescinded its former regulations contained in C.F.R. §§ 570.20 and 570.21, issued new regulations in §§ 570.20 through 570.22, wherein the BOP adopted the five-factor criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility on an individual basis, and revised its policies to require the review of inmates by a unit team 17-19 months before their projected release date and limiting RRC placement beyond six months to inmates with unusual or extraordinary circumstances justifying such placement, provided the Regional Director concurs. (Resp't App., Ex. B, Attachs. 21 & 3)

From the record, it is clear Garst was considered for placement in a RRC on an individual basis consistent with the criteria set forth in § 3621(b). (Resp't App., Ex. B) It is well settled that there is no constitutionally protected right of a convicted person to early release under § 3624. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Disqualifying Garst for release on June 6, 2010, based on her failure to complete the RDAP was a reasonable exercise of the Bureau's discretion, and prison officials' authority, under the current statute and the relevant regulations and policies.

## II. RECOMMENDATION

Keffer's motion for summary judge should be denied. For the reasons stated above, Garst's petition for writ of habeas corpus should also be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 14, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 14, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 24, 2010.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE